UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW RAYMOND EDWARDS, | No. C 09-3908 MHP (pr) |
| Petitioner, | **ORDER DENYING HABEAS PETITION** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings to find him not suitable for parole violated his right to due process because it was not supported by sufficient evidence and because it breached his plea agreement. The matter is now before the court for consideration of the merits of the petition.

## DISCUSSION

A.  Challenge To Evidentiary Sufficiency

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24, 2011) (citations omitted.) The court may not grant habeas relief for state law errors. Id.

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the

Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. See id. at 4-5. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," id. at 5, and the Ninth Circuit erred in holding otherwise.

In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, Edwards' challenge to the sufficiency of the evidence is rejected.

B.   Breach of Plea Agreement Claim

Edwards contends that the BPH's decision amounted to a breach of his plea agreement, in violation of his right to due process. Citing California Penal Code § 1192.7, Edwards argues that he "entered into an agreement for a sentence of 15 years to life. Included in the terms was the condition that after he reached the minimum eligibility requirements, he would be allowed release on parole." Petition, p. 6. The claim is ambiguous in that Edwards did not specify whether "minimum eligibility requirements" to which he refers means a particular number of years or the satisfaction of the state's criteria for release on parole.

The Los Angeles County Superior Court rejected Edwards' claim with this explanation: "The Petitioner agreed to a bargain that subjected him to a life sentence. An indeterminate sentence is, in legal effect, a sentence for the maximum term unless the parole authority acts to fix a shorter term. . . . The relevant statutes and regulations that govern parole clearly do not entitle a prisoner to release on parole, regardless of the amount of time served, unless the Petitioner is found suitable for parole." Resp. Ex. B at 3 (citations omitted).

"Plea agreements are contractual in nature and are measured by contract law standards." Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003) (quoting United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993)). Although a criminal defendant has a due

2

process right to enforce the terms of a plea agreement, see Santobello v. New York, 404 U.S. 257, 261-62 (1971), Edwards has not provided any evidence that there was a term of the plea agreement that was breached. Insofar as he means that there was an agreement for his release after he reached his minimum term of years on his sentence, the claim fails because Edwards provided no evidence that his plea bargain included a promise that he would be released on parole after he reached any specific number of years in custody. The abstract of judgment clearly reflects an indeterminate sentence of 15 years to life on the second degree murder conviction. See Petition, Ex. A (last page). As the state court reasonably determined, Edwards' 15-to-life sentence has a life maximum and his plea bargain subjected him to possible life imprisonment. Insofar as Edwards' argument is that he is entitled to be released because he has met the minimum eligibility requirement of not being a current danger to the public, the claim essentially amounts to a challenge to the sufficiency of the evidence to support the denial of parole, and that would fail. Although Cooke does not foreclose all challenges to plea agreements, it does foreclose a claim for a breach of a plea bargain to the extent the claim argues no more than the agreement was breached because there was not sufficient evidence to find the prisoner not suitable for parole.

Edwards also argues that the plea agreement was impermissible in his case because the State "is barred from entering into a plea bargain for a serious [and] violent felony unless particular circumstances exist that did not exist in this case," Petition, p. 6 (citing Cal. Penal Code § 1192.7). This argument does not pertain to the BPH's decision and is not one for breach of the plea agreement. Instead, it is an attack on the conviction and sentence imposed. Such a claim (if it could avoid the apparent untimeliness problem) would have to be asserted in a petition challenging the conviction and sentence imposed – a petition that must be filed in the Central District of California because the conviction occurred in Los Angeles County, which is located within the venue of the Central District of California.

The state court's rejection of the plea bargain claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority. Edwards' claim

that his plea agreement was breached in violation of his right to due process fails.

C.   No Certificate of Appealability

A certificate of appealability will not issue because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: February 8, 2011

_____
Marilyn Hall Patel
United States District Judge

4